■ Arthur Cenci, Jr., et al., Respondents, v Mobil Oil Corporation et al., Defendants, and William P. Tavoulareas et al., Appellants. —Order, Supreme Court, New York County, entered on February 19, 1980, affirmed. Respondents shall recover of appellants $50 costs and disbursements of this appeal. Concur—Ross, J. P., Markewich, Bloom and Yesawich, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant the protective order against the examination of the president and executive vice-president of defendant Mobil Oil Corporation. Although this purports to be a stockholders' derivative action on behalf of defendant Mobil, it is in fact a tactical step arising out of a dispute between a labor union, which is the real plaintiff in the action, and defendant Mobil. Although plaintiffs are stockholders, they are also members of Petroleum Trades Employees Union which conducted a truckdrivers' strike against Mobil in May, 1971. Apparently plaintiffs are stockholders as a result of a profit sharing plan of Mobil. The action is obviously sponsored by the union and reports on it are contained in the union report to its employees. The complaint alleges that defendant's directors wasted Mobil's money by hiring criminals as strike breakers in connection with the strike. The matters complained of apparently took place in 1971. The action has been pending since at least 1974. Extensive examinations before trial have already been conducted of various officials of Mobil.

There is no showing that the president and executive vice-president of Mobil, which is of course one of America's largest corporations, had any personal contact with the matter. It seems obvious that the present motion is merely a step in a continuing battle between the labor union and the corporation and that plaintiffs' real interest is in holding the officers' feet to the fire. The liberal disclosure provisions of our statutes should not be used for that purpose in such a purported derivative suit.